# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC WATKINS, | 1:07-CV-00767 AWI DLB HC |
|               Petitioner, | ORDER DISMISSING PETITION WITH LEAVE TO AMEND |
|   v. | [Doc. 1] |
| A. HEDGPETH, | ORDER DIRECTING CLERK OF COURT TO SEND PETITIONER A BLANK HABEAS |
|            Respondent. | PETITION |

_____/

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On May 25, 2007, Petitioner, along with Robert Ellis, filed the instant petition for writ of habeas corpus.

<u>DISCUSSION</u>

A.   <u>Procedural Grounds for Summary Dismissal</u>

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable

1

claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

B.    Multiple Petitioners

The instant petition lists Robert Ellis and Eric Watkins as Petitioners.  However, only one individual may file a petition for writ of habeas corpus.  Thus, if both seek relief by way of section 2254 petition, each must file an individual petition.  The Court cannot proceed with a petition which contains two named petitioners.  As explained below, neither petitioner signed the petition.  However, petitioner, Eric Watkins, signed the motion to proceed in forma pauperis, therefore, this action shall proceed with him as Petitioner.  Petitioner, Robert Ellis, will be dismissed from the action, and if desired, he may re-file a new § 2254 petition.

C.    Failure to State a Claim

The basic scope of habeas corpus is prescribed by statute.  Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution."  28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court
> shall entertain an application for a writ of habeas corpus in behalf of a person in
> custody pursuant to a judgment of a State court only on the ground that he is in
> custody in violation of the Constitution or laws or treaties of the United States.

(emphasis added).  See also, Rule 1 of the Rules Governing Section 2254 Cases in the United States District Court.  The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ."  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

> resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established Federal law, as determined by the Supreme
> Court of the United States; or resulted in a decision that was based on an
> unreasonable determination of the facts in light of the evidence presented in the
> State court proceedings.

28 U.S.C. § 2254(d)(1),(2).

In addition, Petitioner must state his claim with sufficient specificity.  See Hendricks v.

1   Vasquez, 908 F.2d 490, 491-92 (9th Cir. 1990); Wacht v. Cardwell, 604 F.2d 1245, 1246-47 (9th

2   Cir. 1979).  Rule 2(c) of the Rules Governing Section 2254 Cases states:

3         The petition must:

4         (1) specify all the grounds for relief available to the petitioner;
          (2) state the facts supporting each ground;
5         (3) state the relief requested;
          (4) be printed, typewritten, or legibly handwritten; and
6         (5) be signed under penalty of perjury by the petitioner or by a person authorized
          to sign it for the petitioner under 28 U.S.C. § 2242.
7

8         The instant petition is completely deficient.  The only information provided on the

9   petition is that Petitioner is challenging a sentence, he has previously challenged his conviction,

10  and he testified at trial.  Petitioner did not fill out the form petition and listed no grounds for

11  relief or any facts to support such grounds.  Nor does Petitioner state the relief he requests.

12  Petitioner also fails to provide the details of his conviction such as the date.

13        In addition, Petitioner does not allege a violation of the Constitution or federal law, nor

14  does he argue that he is in custody in violation of the Constitution or federal law.  Petitioner does

15  not allege that the adjudication of his claims in state court "resulted in a decision that was

16  contrary to, or involved an unreasonable application of, clearly established Federal law, . . . or

17  resulted in a decision that was based on an unreasonable determination of the facts. . . ."  28

18  U.S.C. § 2254.

19        Therefore, the petition must be dismissed; however, Petitioner will be given an

20  opportunity to file an amended petition.  Petitioner is advised that failure to file a complete

21  petition raising cognizable federal claims within the time allotted will result in a recommendation

22  that the petition be dismissed and the action be terminated.  Petitioner is advised that the

23  amended petition should be titled "First Amended Petition, and reference the instant case

24  number."

25  D.    Failure to Exhaust State Remedies

26        A petitioner who is in state custody and wishes to collaterally challenge his conviction by

27  a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).

28  The exhaustion doctrine is based on comity to the state court and gives the state court the initial

1  opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501

2  U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991);  Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct.

3  1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

4          A petitioner can satisfy the exhaustion requirement by providing the highest state court

5  with a full and fair opportunity to consider each claim before presenting it to the federal court.

6  Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828,

7  829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair

8  opportunity to hear a claim if the petitioner has presented the highest state court with the claim's

9  factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal

10  basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

11  Additionally, the petitioner must have specifically told the state court that he was raising a

12  federal constitutional claim.  Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133

13  F.3d 1240, 1241 (9th Cir.1998).  For example, if a petitioner wishes to claim that the trial court

14  violated his due process rights "he must say so, not only in federal court but in state court."

15  Duncan, 513 U.S. at 366, 115 S.Ct. at 888.

16          Additionally, the petitioner must have specifically told the state court that he was raising

17  a federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666,

18  669 (9th Cir.2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th

19  Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).  In Duncan, the United States

20  Supreme Court reiterated the rule as follows:

21          In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion
       of state remedies requires that petitioners "fairly presen[t]" federal claims to the
22       state courts in order to give the State the "'opportunity to pass upon and correct
       alleged violations of the prisoners' federal rights" (some internal quotation marks
23       omitted). If state courts are to be given the opportunity to correct alleged violations
       of prisoners' federal rights, they must surely be alerted to the fact that the prisoners
24       are asserting claims under the United States Constitution. If a habeas petitioner
       wishes to claim that an evidentiary ruling at a state court trial denied him the due
25       process of law guaranteed by the Fourteenth Amendment, he must say so, not only
       in federal court, but in state court.
26
   Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:
27
           Our rule is that a state prisoner has not "fairly presented" (and thus
28        exhausted) his federal claims in state court unless he specifically indicated to

                                            4

*that court that those claims were based on federal law.* See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident,"* Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .

  In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

In this case, Petitioner fails to state that he has sought relief in the California Supreme Court. Assuming he has not done so, the instant petition is unexhausted and must be dismissed.

E. Signature Under Penalty of Perjury

Petitioner did not sign the petition. Local Rule 7-131 requires a document submitted to the Court for filing to include an original signature. In addition, Rule 2 of the Rules Governing Section 2254 Cases requires a petition for writ of habeas corpus to "be signed under penalty of perjury by the petitioner." Rule 2(c), Rules Governing Section 2254 Cases. Accordingly, Petitioner must sign the petition under penalty of perjury.

ORDER

Accordingly, it is HEREBY ORDERED that:

1. The petition for writ of habeas corpus is DISMISSED;

2. Petitioner, Robert Ellis, is DISMISSED from the action;

3. Petitioner is granted thirty (30) days from the date of service of this order to file an amended petition in compliance with this order; and

4. The Clerk of Court is DIRECTED to send Petitioner a blank § 2254 petition.

IT IS SO ORDERED.

Dated: __July 21, 2007__   __/s/ **Dennis L. Beck**__
            UNITED STATES MAGISTRATE JUDGE