# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC WATKINS, | 1:07-CV-00767 AWI DLB HC |
|     Petitioner, | FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF AMENDED PETITION FOR WRIT OF HABEAS CORPUS |
|     v. | |
| A. HEDGPETH, | [Doc. 5] |
|     Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on May 25, 2007.  On July 23, 2007, the Court dismissed the petition and granted Petitioner leave to file an amended petition.  Specifically, the petition was dismissed because Petitioner failed to failed to fill out the form petition, failure to demonstrate whether the state court remedies were exhausted, and failed to sign the petitioner under penalty of perjury.  (Court Doc. 4.)

Petitioner filed an amended petition on August 20, 2007.  (Court Doc. 5.)  Petitioner again failed to fill out the form petition and has not complied with the Court's order.  No claims for relief are listed, the petition is not signed under penalty of perjury, nor is there any indication whether the state court remedies have been exhausted.   Accordingly, the instant petition must be dismissed.  Future amendment would be futile as Petitioner has been previously warned of the defects and has failed to comply with the Court's order.

1

1   Local Rule 11-110 provides that a "failure of counsel or of a party to comply with these
2   Local Rules or with any order of the Court may be grounds for the imposition by the Court of any
3   and all sanctions . . . within the inherent power of the Court." District courts have the inherent
4   power to control their dockets and "in the exercise of that power, they may impose sanctions
5   including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d
6   829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's
7   failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.
8   See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with
9   local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to
10  comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833
11  F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order).
12  In determining whether to dismiss an action for lack of prosecution, the Court must
13  consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the
14  Court's need to manage its docket; (3) the risk of prejudice to the Respondents; (4) the public
15  policy favoring disposition of cases on their merits; and, (5) the availability of less drastic
16  alternatives. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856
17  F.2d 1439 (9th Cir. 1988). The Court finds that the public's interest in expeditiously resolving
18  this litigation and the court's interest in managing the docket weigh in favor of dismissal, as this
19  case has been pending since May 25, 2007. The Court cannot hold this case in abeyance
20  indefinitely awaiting compliance by Petitioner. The third factor, risk of prejudice to
21  Respondents, also weighs in favor of dismissal, since a presumption of injury arises from the
22  occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522,
23  524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their
24  merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally,
25  given Petitioner's noncompliance with the Court's order, no lesser sanction is feasible.
26  Accordingly, the Court HEREBY RECOMMENDS that this action be dismissed for
27  Petitioner's failure to comply with the Court's July 23, 2007, order.
28  This Findings and Recommendations is submitted to the assigned United States District

1  Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of
2  the Local Rules of Practice for the United States District Court, Eastern District of California.
3  Within thirty (30) days after being served with a copy, any party may file written objections with
4  the court and serve a copy on all parties.  Such a document should be captioned "Objections to
5  Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served
6  and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the
7  objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §
8  636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time
9  may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th
10 Cir. 1991).

11         IT IS SO ORDERED.

12    Dated:    **September 14, 2007**              **/s/ Dennis L. Beck**
                                          UNITED STATES MAGISTRATE JUDGE